Trinity GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–97–049–CR, 10–97–081–CR, 10–97–082–CR.

Court of Appeals of Texas, Waco.

Feb. 17, 1999.

Valencia Bush, Dallas, for appellant.

John C. Vance, Criminal District Attorney, Sue Korioth, Asst. District Attorney, Lori L. Ordiway, Asst. District Attorney, Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

These causes were transferred to us from the Fifth Court of Appeals on February 5, 1997.

Trinity Gonzalez was convicted on a single count of murder and two counts of aggravated assault. On December 12, 1996, Gonzalez was sentenced to life imprisonment on the murder conviction and twenty years' incarceration on each of the aggravated assault convictions. He filed notices of appeal and motions for new trial that same day for all three.

The clerk's record was filed in May of 1997 and the reporter's record was finally filed on January 14, 1998. Counsel for Gonzalez filed an *Anders* brief on April 24, 1998. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel was informed that the *Anders* brief did not provide the court with proof that he: 1) provided Gonzalez with a copy of the brief, 2) told him of his right to file a *pro se* response, and 3) told him of his right to review the record. *See Johnson v. State*, 885 S.W.2d 641, 647 (Tex.App.—Waco 1994, rev. ref'd) (as modified by *Wilson v. State*, 955 S.W.2d 693 (Tex. App.—Waco 1997). Counsel ignored our request for this information. In an attempt to expedite disposition, we sent a letter to Gonzalez informing him of these rights. Gonzalez requested an opportunity to review the record, so we advised him that the District Clerk would provide him with a copy of both

the clerk's record and the reporter's record. A copy of that letter was sent to the District Clerk. Gonzalez told us that the Clerk refused to send him the record.

On December 9, 1998, we sent a letter to the District Clerk directing him to provide a copy of the record to Gonzalez so that he could exercise his *Anders* rights. Although we intended for the Clerk to send both the clerk's record and the reporter's record, Gonzalez was provided with only the clerk's record. Once again attempting to expedite the appeal, we asked the court reporter to send a copy to Gonzalez. She refuses to send it without confirmation that she will be paid for printing another copy. As a result, it has been ten months since the *Anders* brief was filed and Gonzalez still has not received a copy of the reporter's record.

We believe that the copy of the reporter's record required by the Rules of Appellate Procedure should be used to satisfy the *Anders* requirement that an accused be permitted to review the record and assert any arguable points before an appeal is declared frivolous. *Id.*; TEX.R.APP. P. 34.6(h) ("court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk").

Therefore, we order Jim Hamlin, District Clerk of Dallas County, Texas, to provide the clerk's copy of the reporter's record in the above cases to Trinity Gonzalez, 12002 FM 350 South, Terrell Unit, Livingston, Texas, 77351, within ten days after the date of this order. The District Clerk shall inform the Clerk of this Court when the record has been sent.

Gonzalez has thirty days after the record is sent to review the record and return it to the District Clerk. Any brief that Gonzalez wishes to file with this court shall be filed within forty-five days after the record is sent to him.

The Clerk of this Court shall send a copy of this order to the District Clerk of Dallas County by United States Postal Service Certified Mail, Return Receipt Requested.