Harvey Leroy **SOSSAMON,**
**III, Appellant,**

v.

The **STATE of Texas, Appellee.**

**No. 10–02–231–CR.**

Court of Appeals of Texas,
Waco.

Dec. 31, 2002.

## ORDER

**PER CURIAM.**

A jury convicted Harvey Leroy Sossamon, III of murder. Sossamon pleaded true to allegations of prior felony convictions enhancing his punishment to that for an habitual offender. The jury sentenced him to life imprisonment. Sossamon has filed a motion to represent himself on appeal.

The trial court permitted Sossamon's original counsel to withdraw six months before trial due to a conflict of interest. According to a docket notation, Sossamon asked that he be permitted to represent himself at trial with the assistance of standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.Ct. 944, 954, 79 L.Ed.2d 122, 137 (1984); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App. 1989); *Medley v. State*, 47 S.W.3d 17, 23 (Tex.App.-Amarillo 2000, pet. ref'd). The docket notation indicates that the court granted this request, appointing the Honorable Stan Schwieger to serve as standby counsel. Nevertheless, the reporter's record reflects that Schwieger and another attorney represented Sossamon at trial, conducting the voir dire, making the opening statement, questioning the witnesses, and presenting jury argument on his behalf.

Harvey Leroy Sossamon, III, Abilene, pro se.

John W. Segrest, McLennan County District Attorney, Waco, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

The court imposed sentence on August 9, 2002. Schwieger filed a notice of appeal for Sossamon on August 12. Sossamon has filed a number of *pro se* pleadings with this Court since his appeal was perfected:

| | |
|---|---|
| September 23, 2002 | motion to abate appeal to file out-of-time motion for new trial |
| October 7, 2002 | supplemental motion to abate appeal with supporting brief |
| October 14, 2002 | motion for leave to file out-of-time motion for new trial |
| October 17, 2002 | motion to proceed *pro se* |
| October 21, 2002 | motion for leave to file *pro se* motions |
| November 18, 2002 | motion for Texas Fair Defense Act hearing |
| November 25, 2002 | motion for *Faretta* hearing via video teleconferencing |
| November 25, 2002 | motion for Texas Fair Defense Act hearing |
| December 6, 2002 | motion for leave to file mandamus petition |
| December 16, 2002 | motion for post-conviction evidentiary hearing |

The trial court appointed other counsel, the Honorable Walter Reaves, to represent Sossamon on October 4. In correspondence with this Court, Sossamon has expressed reservations about the appointment of Reaves. According to Sossamon, if Reaves "cannot or will not" assist him by filing a motion with this Court for an out-of-time motion for new trial, then Sossamon does not want Reaves to represent him.

## OUT–OF–TIME MOTION FOR NEW TRIAL

Sossamon complains of Schwieger's failure to file a motion for new trial. He contends that he would have alleged ineffective assistance of counsel (Schwieger and co-counsel) and ineffective assistance of his court-appointed private investigator in a motion for new trial. Sossamon has presented two legal theories under which he should be allowed to file an out-of-time motion for new trial: (1) suspension of the time limits under Rule of Appellate Procedure 2; *see* Tex.R.App. P. 2; and (2) abatement for an out-of-time motion for new trial under the procedures recognized by the First Court of Appeals in *Jack v. State*, 42 S.W.3d 291, 293–94 (Tex.App.-Houston [1st Dist.] 2001, order), *subsequent order*, 64 S.W.3d 694 (Tex.App.-Houston [1st Dist.] 2002, pet. granted).[1]

### Tex.R.App. P. 2

■ Rule of Appellate Procedure 2 provides in pertinent part that an appellate court "may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure." Tex.R.App. P. 2. According to Rule 21.4(a), a defendant must file a motion for new trial within thirty days after "the trial court imposes or suspends sentence in open court." *Id.* 21.4(a). The defendant must present his motion for new trial to the trial court within ten days after filing it, unless the trial court permits a later presentment.[2] *Id.* 21.6.

The Court of Criminal Appeals has plainly held that Rule 2 may not be used by an appellate court to extend the time limits provided by the appellate rules for the filing of a motion for new trial. *Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim.App.1998). Accordingly, we conclude that we cannot apply Rule 2 to permit Sossamon to file an out-of-time motion for new trial.

### *Jack v. State*

■ In *Jack*, the First Court of Appeals abated an appeal for the filing of an out-of-time motion for new trial because "[e]verything in the record indicate[d] that appellant was not assisted by counsel during the 30–day critical stage for filing a motion for new trial." *Jack*, 42 S.W.3d at 293. The court abated the appeal "to allow appellant the opportunity to rebut the rebuttable presumption that he was effectively represented by [his attorney] during the 30 day period after [sentencing]." *Id.*

---

1. The Court of Criminal Appeals has granted discretionary review on the following issues: (1) Whether the First Court of Appeals erred in ordering the trial court to give the appellant a second chance to file a motion for new trial, when the trial court had already lost jurisdiction to consider an out-of-time motion for new trial; and (2) Whether the State is seeking review of an interlocutory order.

*Jack v. State*, No. 02–413 (Tex.Crim.App. Sept. 25, 2002) (order granting petition for discretionary review).

2. The trial court has discretion to permit a later presentment. Tex.R.App. P. 21.6. However, the motion must be presented and heard no later than 75 days after imposition or suspension of sentence. *Id.*

Most intermediate appellate courts which have considered this issue have concluded that "the time period for filing a motion for new trial is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel." *Id.* at 292; *Prudhomme v. State,* 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, order); *Hanson v. State,* 11 S.W.3d 285, 288–89 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State,* 8 S.W.3d 733, 736-37 (Tex.App.-Austin 1999, order, pet. ref'd). The Court of Criminal Appeals has not yet addressed this issue. *Smith v. State,* 17 S.W.3d 660, 663 n. 3 (Tex.Crim. App.2000).

The constitutional underpinning for the procedure enunciated in *Jack* and similar cases is the Sixth Amendment right to counsel.[3] *Jack,* 42 S.W.3d at 293 (citing *Smith,* 17 S.W.3d at 662); *Prudhomme,* 28 S.W.3d at 120; *Hanson,* 11 S.W.3d at 289; *Massingill,* 8 S.W.3d at 736–38. In each of these cases, the record contained direct evidence that the defendant was not represented by counsel during all or part of the 30–day period for filing a motion for new trial. *See Jack,* 64 S.W.3d at 695–96 (trial counsel told defendant he no longer represented him and appellate counsel would be appointed; court staff advised trial counsel that he no longer represented defendant and appellate counsel would be appointed; trial counsel did not communicate with defendant after trial; appellate counsel appointed 69 days after sentencing); *Prudhomme,* 28 S.W.3d at 119 (no posttrial pleadings filed until defendant filed 3 *pro se* pleadings on 25th day after sentencing; record did not reflect that trial counsel was aware of *pro se* pleadings; appellate counsel appointed 58 days after sentenc-

ing); *Hanson,* 11 S.W.3d at 289 (defendant timely filed *pro se* motion for new trial and notice of appeal; defendant requested appointment of counsel; appellate court twice directed trial court to decide whether defendant entitled to appointed counsel; counsel not appointed until nearly 7 months after sentencing); *Massingill,* 8 S.W.3d at 735 (trial counsel filed motion to withdraw 12 days after sentencing; trial court granted motion to withdraw on date filed; trial court appointed appellate counsel 33 days after sentencing).

Here, however, the record clearly reflects that Schwieger continued to represent Sossamon after sentencing. As noted above, the court imposed sentence on August 9. Schwieger filed a notice of appeal on August 12. He filed requests in the district clerk's office for preparation of the clerk's and reporter's records on August 14. Schwieger also filed a docketing statement in this Court on August 14.

It does not appear that Schwieger sought to withdraw from representing Sossamon until after it became evident that Sossamon desired to pursue an ineffective assistance of counsel claim on appeal regarding Schwieger's conduct of his defense.

Because Schwieger continued to represent Sossamon during the 30–day period after sentencing, we conclude that Sossamon is not entitled to an abatement of this appeal to file and present an out-of-time motion for new trial. *Cf. Jack,* 42 S.W.3d at 293–94; *Prudhomme,* 28 S.W.3d at 121; *Massingill,* 8 S.W.3d at 738–39.

## SELF–REPRESENTATION

■ Sossamon has filed a motion to represent himself on appeal. In other plead-

---

3. The Sixth Amendment right to counsel applies to the States through the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d 799, 804–06 (1963); *Garcia v. State,* 57 S.W.3d 436, 438 n. 1 (Tex.Crim.App.2001).

ings, he requests that we abate this appeal for "a full blown evidentiary type *Faretta* hearing" and for a "Texas Fair Defense Act" hearing during which he can have the opportunity to consult with his present counsel before counsel files a brief on his behalf.

■ Sossamon has vacillated in his pleadings on the issue of whether he desires to represent himself or whether he wants to be represented by his court-appointed counsel. It is well settled that a criminal appellant has no right to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex.Crim.App.2001); *Scarbrough*, 777 S.W.2d at 92; *Meyer v. State*, 27 S.W.3d 644, 648 (Tex.App.-Waco 2000, pet. ref'd). Accordingly, we directed Sossamon by letter dated November 26, 2002, to notify this Court in writing within ten days thereafter whether he intends to represent himself or be represented by counsel in this appeal. Sossamon responded by letter dated November 30 that he will represent himself.

■ As noted above, the trial court recently appointed the Honorable Walter Reaves to represent Sossamon on appeal. A trial court can appoint standby counsel to assist a criminal defendant who represents himself at trial, even over the defendant's objection. *McKaskle*, 465 U.S. at 184, 104 S.Ct. at 954, 79 L.Ed.2d at 137; *Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562, 581 n. 46 (1975); *Scarbrough*, 777 S.W.2d at 92; *Medley v. State*, 47 S.W.3d at 23. Arguably, a criminal appellant who

is representing himself could have standby appointed counsel in the same manner as a criminal defendant at trial.

■ The Supreme Court has identified two primary limitations on the role standby counsel plays. First, counsel's participation must not undermine the *pro se* defendant's "actual control over the case he chooses to present." *McKaskle*, 465 U.S. at 178, 104 S.Ct. at 951, 79 L.Ed.2d at 133; *accord Scarbrough*, 777 S.W.2d at 92. And second, in the context of a jury trial, standby counsel's participation (particularly over the *pro se* defendant's objection) "should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.*[4] The second limitation would not apply to standby appellate counsel.

By statute, the trial court retains authority over counsel appointed to represent the defendant on appeal. Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322 (amended 2001) (current version at Tex.Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp.2003));[5] *Enriquez v. State*, 999 S.W.2d 906, 908 (Tex.App.-Waco 1999, order, no pet.) (per curiam). Accordingly, we leave it to the trial court to determine whether Mr. Reaves will be permitted to remain as Sossamon's standby counsel on appeal.

## CONCLUSION

Sossamon's request that we abate this appeal so he can file and present an out-of-time motion for new trial is denied. The appellate record has been filed. To facili-

---

4. As the Supreme Court explained, "The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy." *McKaskle v. Wiggins*, 465 U.S. 168, 178, 104 S.Ct. 944, 951, 79 L.Ed.2d 122, 133 (1984).

5. Sossamon committed the offense on June 2, 2001. The current version of article 26.04 applies to defendants charged with crimes committed on or after January 1, 2002. Act of May 24, 2001, 77th Leg., R.S., ch. 906, §§ 16, 22, 2001 Tex. Gen. Laws 1800, 1815–16.

tate the preparation and filing of Sossamon's *pro se* brief, we order the Honorable Joe Johnson, District Clerk of McLennan County, to send the extra copy of the appellate record to Harvey Leroy Sossamon, III, TDCJ No. 1120297, Robertson Unit, 12071 F.M. 3522, Abilene, Texas, 79601, within ten (10) days after the date of this Order.[6] *See Gonzalez v. State,* 984 S.W.2d 790, 791 (Tex.App.-Waco 1999, order, no pet.); *see also* Tex.R.App. P. 34.5(g), 34.6(h). The district clerk shall notify the Clerk of this Court in writing when the record has been sent. Sossamon will have forty-five (45) days after the record is sent to review the record and return it to the district clerk. Sossamon shall file his *pro se* brief within sixty (60) days after the date the record is sent to him by the district clerk. *See Gonzalez,* 984 S.W.2d at 791.

---

6. The Clerk of this Court shall send a copy of this Order to the District Clerk of McLennan County by certified mail, return receipt requested. *See Gonzalez v. State,* 984 S.W.2d 790, 791 (Tex. App.-Waco 1999, order, no pet.).