IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00258-CR

 

John David Sickles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 128th District Court

Orange County, Texas

Trial Court No. A-030589-R

 



ORDER



 








          By order dated September 14, 2005, we
abated this appeal for a hearing in the trial court to determine whether John
David Sickles had voluntarily and
intelligently waived his right to counsel in connection with a motion for
self-representation he filed with this Court.  See Sickles v. State, 170 S.W.3d 298 (Tex. App.—Waco 2005,
order) (per curiam).  Sickles has since filed a motion to withdraw his motion
for self-representation.  In addition, due to the damage caused by Hurricane
Rita, the trial court has advised that she will not be able to conduct the
contemplated abatement hearing in the foreseeable future because the Sheriff’s
Department is unable to keep or transport inmates.

          In light of these developments, we
reinstate this appeal, grant Sickles’s motion to withdraw the motion for
self-representation,[1]
and notify counsel for the State that the State’s brief is due thirty days
after the date of this Order.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Order issued and filed
November 9, 2005

Publish









[1]
          It may be argued that
considering the merits of Sickles’s motion for self-representation and/or his
motion to withdraw that motion bestows on him a right of hybrid representation,
which is not generally permitted.  See Ex parte Taylor, 36 S.W.3d 883,
887 (Tex. Crim. App. 2001); Sossamon v. State, 110 S.W.3d 57, 61 (Tex.
App.—Waco 2002, order) (per curiam).  However, the prohibition on hybrid
representation is not absolute.  See e.g. Warren v. State, 98 S.W.3d 739,
741 (Tex. App.—Waco 2003, pet. ref’d).  In the context of a case in which a
criminal appellant has asserted his right of self-representation, there will
undoubtedly be pleadings filed by both the appellant and his attorney until the
issue of self-representation is determined.