

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00086-CR

CHUCK ALLEN LITTLE                           APPELLANT

V.

THE STATE OF TEXAS                           STATE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Chuck Allen Little appeals his convictions for kidnapping and burglary of a habitation. In four issues, Little argues that the trial court abused its discretion by not empanelling a jury to determine his competency to stand trial; that the trial court committed reversible error by ordering expert evaluation regarding his competency to stand trial without being afforded his right to

---

[1]*See* Tex. R. App. P. 47.4.

counsel; that his appointed trial counsel failed to request a hearing regarding his desire for self-representation; and that the trial court erred by denying his request for hybrid representation. We will affirm.

## II. BACKGROUND

Upset that his girlfriend had ended their relationship, Little held a knife to her and threatened to kill her if she did not accompany him from Parker County to either Oklahoma or Mexico. The girlfriend temporarily escaped the house they were in, and a neighbor called the police and reported that Little had dragged her back into the house. Little released her to police when they arrived but escaped out the back and was later apprehended.

The State indicted Little for kidnapping and assault on May 5, 2011. For reasons that are not apparent from the record, on June 1, 2011, the trial court ordered that Little undergo an expert evaluation to determine whether he was competent to stand trial. Over the next six weeks, Little filed numerous pro se documents, including affidavits of indigency, letters to the trial court expressing his desire to represent himself, and motions to dismiss the charges against him. Some of the motions that Little filed in the trial court include a request for legal supplies, a request for funds to retain a legal assistant, and a motion requesting that the State pay for a private investigator.

On July 15, 2011, Dr. Peter Oropeza conducted a competency evaluation and determined that Little was competent to stand trial. Four days later, the trial court appointed Matt McConahay to serve as Little's trial counsel. Despite the

appointment of trial counsel, Little continued to send the trial court numerous motions and demands. One of the documents is a letter in which Little expressed his desire to fire McConahay. On December 1 and on December 5, 2011, the clerk's record reflects that the trial court again ordered that Little be examined by an expert to determine whether he was competent to stand trial.

On December 8, 2011, the trial court "unilaterally" held a hearing "to cover pretrial matters." At the December 8 hearing, Little requested that he be allowed "a hybrid counsel to help assist [him]" but added that he "would like to maintain control of the case." Little specifically said that he did not want the assistance of appointed counsel McConahay. The trial court denied Little's request for hybrid counsel. After further discussion, the trial court gave Little the choice between allowing McConahay to continue as appointed counsel, allowing McConahay to serve as standby counsel, or allowing Little to represent himself without the aid of counsel at all. Little stated that he desired "standby counsel." After admonishing Little regarding the possible perils of self-representation, the trial court granted Little's request for self-representation with standby counsel. On December 12, 2011, the trial court, finding Little competent to stand trial, ordered that the previous orders for additional expert evaluations be set aside. Specifically, the trial court stated that after "having examined [Little] in open court and after having received [Little's] writings . . . there [was] not a current issue as to [Little's] competency to stand trial." The trial court further stated that it had considered a previous determination of competency to stand trial in making this finding. The

3

next day, the trial court again held a hearing in which the trial court delivered to Little its order setting aside the previous orders for an additional competency evaluation and its findings regarding Little's competency to stand trial. Little, accompanied by standby counsel, did not object. On December 19, 2011, the State filed a superseding indictment adding the charge of burglary of a habitation.

A jury found Little guilty of kidnapping and burglary of a habitation and assessed punishment at ninety-nine years' incarceration for kidnapping and fifty years' incarceration for burglary of a habitation with the sentences to run concurrently. Standby counsel filed a motion for new trial and arrest of judgment, which the trial court overruled. After Little filed an affidavit of indigency seeking appointed appellate counsel, the trial court appointed appellate counsel. This appeal followed.

### III. DISCUSSION

#### A. Little's Competency to Stand Trial

In part of his first issue, Little contends that the trial court abused its discretion "when it found [him] competent to stand trial." Specifically, Little argues that the trial court erred by not assembling a jury to determine whether he was competent to stand trial. He argues that the trial court should have conducted a jury trial on the issue because evidence raised a bona fide doubt that he was not competent. In his argument, Little also suggests that "at the very minimum, a hearing should have been held" to assess his competency. We conclude that the trial court did conduct an informal inquiry under the proper

4

statutory scheme and that the trial court did not abuse its discretion by declaring Little competent to stand trial.

The conviction of an accused person while he is legally incompetent to stand trial violates due process. *See McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). A defendant is incompetent to stand trial if he does not have a "(1) sufficient present ability to consult with [his] lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against [him]." Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). A defendant is presumed to be competent to stand trial, and incompetence must be established by a preponderance of the evidence. *Id.* art. 46B.003(b).

The standard of review is whether the trial court abused its discretion by failing to empanel a jury for the purpose of conducting a competency hearing. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd). We do not substitute our own judgment for that of the trial court; rather, we consider the totality of the facts surrounding the trial court's decision to determine whether the trial court acted arbitrarily or unreasonably. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009); *see also Gray v. State*, 257 S.W.3d 825, 828–29 (Tex. App.—Texarkana 2008, pet. ref'd).

When there is evidence that is sufficient to raise a bona fide doubt as to a defendant's competency, a trial court shall first conduct an informal inquiry to

ascertain whether there is evidence that would support a finding of incompetence. Tex. Code Crim. Proc. Ann. art. 46B.004(c) (West Supp. 2012); *Montoya*, 291 S.W.3d at 425.

If an informal inquiry shows that evidence exists that would support a finding of incompetence, the trial court shall then order an examination to determine whether the defendant is incompetent to stand trial. Tex. Code Crim. Proc. Ann. art. 46B.005(a) (West 2006). Only after such an examination need the trial court conduct a formal hearing on the issue if the trial court still has a bona fide doubt about the defendant's competency. *See Montoya*, 291 S.W.3d at 424–25; *Moore*, 999 S.W.2d at 393. And the formal hearing need not be conducted before a jury unless a party requests it or the trial court determines on its own motion to conduct the hearing before a jury. Tex. Code Crim. Proc. Ann. art. 46B.051 (West 2006).

Neither party in this case requested a jury trial on the issue of competency. And to the extent that Little claims the trial court erred by not conducting an informal inquiry to ascertain whether he was competent to stand trial, that part of his claim is overruled. *See id.* The trial court did conduct an informal inquiry into Little's competency. The trial court ordered that Little be examined by a medical examiner, who assessed Little as competent to stand trial. The trial court furthered its informal inquiry by questioning Little at multiple pretrial hearings. After making this informal inquiry, the trial court specifically found that there was not an "issue as to [Little's] competency to stand trial" and that Little "exhibited

6

considerable working knowledge of the court system, court procedure, the charge[s] against him, as well as the consequences of a trial." These findings are supported by the record.

Little attacks these findings by arguing that he did not demonstrate "exercised reason, sound judgment, or good sense" because he filed a "flurry" of motions after being indicted, including multiple assertions that he be allowed to represent himself. Little also argues that there was evidence before the trial court that he had experienced mental health issues in the past, that Little believed his counsel and the trial court were conspiring to prevent him from receiving a fair trial, and that the trial court demonstrated its own concern regarding his competency by ordering multiple competency evaluations. But Little points to nothing in the record that would compel this court to ignore the trial court's firsthand factual assessment of his mental competency, a finding that this court is bound to afford great deference to, or the trial court's reliance of an expert's determination that he was competent to stand trial. *See McDaniel*, 98 S.W.3d at 712 ("Appellant's history of mental illness was insufficient to create a bona fide doubt about his present mental condition, in light of the more recent psychological evaluation attesting to his mental competency."); *see also Smith v. State*, No. 02-11-00243-CR, 2012 WL 3600002, at *2–3 (Tex. App.—Fort Worth Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by not impaneling a jury to determine defendant's competency despite expert opinion that defendant was "mildly

7

mentally retarded," defendant's belief that appointed attorney was "working with" the State to deprive him of a fair trial, and multiple court-ordered competency evaluations during which court observed and questioned defendant in pretrial hearing regarding his dissatisfaction with appointed counsel). We overruled this portion of Little's first issue.

### B. Competency Evaluation Without Counsel

In the remainder of his first issue, Little argues that he was denied assistance of counsel when the court ordered that he undergo a competency evaluation without having been appointed counsel. The State concedes that Little was denied counsel under the statute governing competency. *See* Tex. Crim. Proc. Code Ann. art. 46B.006(a) (West 2006) ("A defendant is entitled to representation by counsel before any court-ordered competency evaluation and during any proceeding at which it is suggested that the defendant may be incompetent to stand trial."). The State argues, however, that any error by the trial court in not affording Little counsel for the competency evaluation was harmless. We agree.

The denial of counsel implicates the Sixth Amendment, and violations of the Sixth Amendment are subject to a harmless error analysis. *See Hanson v. State*, 11 S.W.3d 285, 289 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *see also Satterwhite v. Tex.*, 486 U.S. 249, 254, 108 S. Ct. 1792, 1796 (1988) (holding that when the absence of counsel does not pervade the entire proceeding, Sixth Amendment violations are subject to a harmless error

8

analysis). "If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *See* Tex. R.. App. P. 44.2(a).

Here, as the State points out, "nothing related to [the competency evaluation] was used at trial." We therefore conclude beyond a reasonable doubt that the lack of counsel at Little's competency evaluation did not contribute to his convictions or punishments. We overrule the remainder of Little's first issue.

## C.    Knowing and Intelligent Waiver of Counsel

In his second issue, Little argues that he could not have knowingly and intelligently waived his right to counsel and that the trial court erred by allowing him to exercise his right to self-representation.[2] Little's argument seems to be that because he expressed beliefs that his appointed attorney was working in concert with the trial court and because he had demonstrated "psychological breaks" in the past, he lacked the capacity to voluntarily and knowingly waive his right to counsel.

---

[2]Little argued in his initial briefing to this court that the trial court had not properly admonished him regarding self-representation, but in his reply brief, Little concedes that the trial court admonished him; and the record supports that the trial court admonished him both in writing and at a hearing regarding Little's request that he be allowed to represent himself.

In all criminal prosecutions in which an accused may be punished by imprisonment, the accused has the right to assistance of counsel for his defense. U.S. Const. amends. VI, XIV; Tex. Code Crim. Proc. Ann. art. 1.051 (West Supp. 2012); *see Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 2527 (1975); *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 829 (1998). In lieu of being represented by counsel, however, a defendant also has a Sixth Amendment right to prosecute his own legal defense. *Faretta*, 422 U.S. at 818, 95 S. Ct. at 2532–533; *see also* Tex. Const. art I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (West 2005). For the decision to represent oneself to be constitutionally effective, a defendant must make the decision (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Moore*, 999 S.W.2d at 396. Little argues that he did not make his election of self-representation knowingly and intelligently.

In his initial briefing, Little argued that the trial court had not properly admonished him regarding his abandonment of the right to counsel and his decision to proceed pro se. After reviewing his reply brief, Little has abandoned this position and merely argues now that he did not possess the rational capability to make a knowing and intelligent decision. Specifically, and citing the Diagnostic and Statistical Manual of Mental Disorders, Little's appellate counsel claims that she "suspects" that Little meets the criteria for a person who displays paranoid personality disorder; thus, according to Little's appointed counsel, Little could not have knowingly and intelligently waived his right to counsel. We agree

10

with the State that there is no evidence in the record that Little was suffering from a mental illness at the time the trial court admonished him.

In this case, the trial court engaged in substantial interaction with Little both before and after his ultimate decision to proceed pro se, providing the trial court abundant information with which to take realistic account of Little's competence to represent himself and providing this court with a thorough record from which to review the trial court's determination. At multiple pretrial hearings, Little displayed a working knowledge of the court system, including his understanding of the differences between self-representation, hybrid representation, and the appointment of standby counsel. He also demonstrated that he is well-versed in the constitutional provisions and cases supporting his desire to represent himself. The trial court admonished Little multiple times in writing and through questioning in open court. In these admonishments, the trial court explained to Little that he would be responsible for the presentation of evidence, conducting witness examination and cross-examination, and "all procedural matters and evidentiary matters." The trial court further implored that ignorance of the law would not be an excuse with regard to the outcome of his case. The trial court conveyed to Little: "In 30 years of experience in the law, I do not recall ever having seen a layperson, meaning a person who is not a lawyer, be as familiar with the law, which includes the law of evidence and the law of procedure, as well as even the youngest lawyer" and that without such experience, the trial court was concerned that by representing himself, Little

11

"increas[ed] the possibility of the [S]tate['s] being able to meet its burden on everything that it asserts." Following this exchange, the trial court asked again, "Under those conditions, do you still maintain that you desire to represent yourself in this case?" And Little responded, "Yes, sir." We hold that under these circumstances, the trial court did not abuse its discretion by allowing Little to represent himself while also appointing standby counsel. *See Cudjo v. State*, 345 S.W.3d 177, 184 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("Appellant confirmed that he understood the dangers and disadvantages of self-representation as the trial court explained them to him, and thus his waiver was knowing and intelligent."). Thus, we overrule Little's second issue.

### D. Appointed Counsel and Hearing on Little's Self-Representation

In his third issue, Little argues that his appointed trial counsel was "ineffective when he failed to assert a claim for a hearing to determine if [Little] was making a voluntary, intelligent, and knowing waiver of counsel." The gist of Little's third issue is that his appointed trial counsel should have sought a hearing "to ascertain whether [Little's] waiver of counsel was freely, knowingly, and voluntarily waived." Though not directly stated, Little appears to have abandoned this position in his reply brief. In his reply brief and in relation to his first issue, Little concedes that a hearing on his desire to proceed pro se did in fact occur. Thus, we overrule Little's third issue.

### E.     Little's Request for Hybrid Representation

In his fourth issue, Little argues that the trial court abused its discretion by denying Little's request for hybrid representation and by ultimately appointing his previously appointed trial counsel as standby counsel. Specifically, Little argues that because he did not trust his appointed trial counsel, it was an abuse of discretion to appoint that same attorney as standby counsel. Further, Little argues simply that he was entitled to hybrid representation. Both of these positions within his fourth issue are also predicated on appellate counsel's initial mistaken belief that a hearing had not been held regarding Little's desire for self-representation. And in his reply brief, Little does not address whether he has abandoned his fourth issue.

We conclude that the trial court did not abuse its discretion by appointing Little's previously court-appointed trial counsel as standby counsel. First, the record reveals that when the trial court presented Little with the options of proceeding with appointed counsel, appointed counsel as standby counsel, or proceeding with no assistance, Little specifically chose standby counsel with full knowledge that standby counsel would be his court-appointed counsel. Furthermore, a criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996). And a trial court can appoint standby counsel to assist a criminal defendant who represents himself at trial, even over the defendant's objection. *Sossamon v.*

13

*State*, 110 S.W.3d 57, 61 (Tex. App.—Waco 2002, pet. ref'd). We overrule Little's fourth issue.

### F. Little's Reply Brief

Little argues for the first time in his reply brief that the trial court abused its discretion by denying his motion to suppress without holding a suppression hearing and that he preserved this issue for our review by making a general objection to the trial court during a pretrial hearing that he wanted to "preserve all these issues for appellate purposes." We decline to address this newly raised issue.

A reply brief is allowed only to address matters raised in the appellee's brief. *See* Tex. R. App. P. 38.3; *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd), *cert. denied*, 534 U.S. 1024 (2001); *Conrad v. State*, 10 S.W.3d 43, 46 n.4 (Tex. App.—Texarkana 1999, pet. ref'd). This reply issue was not argued in Little's initial briefing, nor was it raised in the State's brief. Therefore, this issue may not be argued for the first time in Little's reply brief. *See Barrios*, 27 S.W.3d at 322. Furthermore, we are not persuaded by Little's contention that he was unaware of the lack of a hearing transcript regarding his motion to suppress until after he had filed his initial briefing and that he first learned of the lack of a transcript after he had received a copy of the State's request for supplementation of the record, which occurred after he filed his initial brief. It is Little who bore the burden of presenting a record demonstrating that the trial court's decision should be overturned. *See Newman*

*v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011) ("We decide that appellant has failed to present a record demonstrating that the trial court's decision should be overturned."); *see also Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) ("It was, however, appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred in his ruling on the motion to suppress."); *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error.")  We decline to address Little's issue that he brings for the first time in his reply brief.

## IV. Conclusion

Having overruled all of Little's issues and having declined to address his newly raised issue from his reply brief, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 10, 2013