Johnathan Derrick JACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00953–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 13, 2001.

Jeffrey Karl Hale, Mary Connealy Acosta, Houston, for appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Justices COHEN, JENNINGS, and DUGGAN.[1]

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## ORDER

COHEN, Justice.

After a contested jury trial, appellant was found guilty of delivery of a controlled substance, and on July 6, 2000, the jury assessed punishment of 10 years in prison and a $2,000 fine. On the same day, appellant's court-appointed trial counsel, Mr. Jeff Hale, filed written notice of appeal, and the judge noted on his docket sheet, "Attorney on appeal to be appointed." Fifty-three days later, on August 28, 2000, the Harris County District Clerk sent a letter to this court stating that the attorney of record on appeal was "to be determined." Unfortunately, no attorney on appeal was appointed until September 13, which was 69 days after July 6. The record shows no activity during that 69 day period by the trial counsel, Mr. Hale. No motion for new trial, no motion to withdraw, no other activity is apparent.

■ Appellant's court-appointed appellate counsel, Mary Connealy Acosta, has moved to abate appeal and, in addition, moved for leave to file an out-of-time motion for new trial. The State has not opposed the motion. The motion states that, because the trial court appointed Ms. Acosta more than 30 days after appellant was sentenced, appellant was unrepresented by counsel during the 30 day period for filing a motion for new trial. *See* Tex. R.App.P. 21.4. Ms. Acosta also states that if she had been timely appointed, she would have filed a motion for new trial alleging ineffective assistance of trial counsel because Mr. Hale did not subpoena material witnesses. It is well settled that such a motion would have entitled appellant to an evidentiary hearing in the trial court. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Martinez v. State*, 28 S.W.3d 815, 817 (Tex.App.—Corpus Christi 2000, pet. filed Dec. 19, 2000). "Without doubt the hearing on a motion

for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review." *Trevino v. State*, 565 S.W.2d 938, 940 (Tex.Crim.App.1978). Given the grounds that appellant's appellate attorney would have asserted if she had been timely appointed, an abatement here is appropriate in order to assure protection of appellant's right to counsel, and also to effective assistance of counsel, at three critical stages—trial, motion for new trial, and appeal.

■ Courts of appeals, including this Court, have further held that the time period for filing a motion for new trial is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel. *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App.—Texarkana 2000, order); *Hanson v. State*, 11 S.W.3d 285, 288 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State*, 8 S.W.3d 733, 737 (Tex.App.—Austin 1999, order), *disposition on merits*, Nos. 03–99–00301–CR, 03–99–00302–CR, 2000 WL 564168 (Tex.App.—Austin, May 11, 2000, pet.ref'd) (not designated for publication); *Burnett v. State*, 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Callis v. State*, 756 S.W.2d 826, 827 (Tex. App.—Houston [1st Dist.] 1988, no pet.), *overruled on other grounds, Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App. 1998). Of course, there is no question that if appellant was abandoned by counsel during the 30 day period for filing a motion for new trial, then he was denied his constitutional rights. *See Burnett*, 959 S.W.2d at 656 ("no longer any question" of right to relief, citing *Evitts v. Lucey*, 469 U.S. 387, 397, 105 S.Ct. 830, 837, 83 L.Ed.2d 821 (1985)).

This Court has noted before that the tardy appointment of appellate counsel by trial courts has made arguably meritorious claims like this common and persistent. *Burnett*, 959 S.W.2d at 655–56. This case shows that common problem still persists.

Everything in the record indicates that appellant was not assisted by counsel during the 30–day critical stage for filing a motion for new trial. *See Burnett*, 959 S.W.2d at 658 (notice of appeal by trial counsel on date of sentencing together with record notations that appellate counsel was "to be determined" demonstrated that trial counsel was no longer representing appellant). This includes the trial judge's statements on the docket sheet, the district clerk's statement in the letter, attorney Acosta's statements in her motion, and appellant's affidavit attached to that motion.

The Court of Criminal Appeals has stated that, "When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *Smith v. State*, 17 S.W.3d 660, 662 (Tex.Crim.App.2000); *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim.App.1998).

In *Smith*, this Court *"ultimately determined* that the appellant *had been denied* her Sixth Amendment right to counsel during the time for filing a motion for new trial, and therefore abated the appeal and remanded the cause to allow the appellant to pursue post-trial motions." *Smith*, 17 S.W.3d at 662 (emphasis added). The State appealed our decision, and the Court of Criminal Appeals held that we "erred *in concluding that appellant overcame the presumption* that he was adequately represented by counsel at all times in the litigation." *Id.* at 663 (emphasis added). The present record may be stronger in some respects for appellant than the record in *Smith*. Nevertheless, we conclude,

based on *Smith* and *Oldham*, that we should not yet "determine" the facts based upon the present record, nor yet grant the motion for an out-of-time motion for new trial. For reasons stated below, we do not deny that motion at this time, but instead carry it with the case.

 Appellant has also asked that this Court abate the appeal. We agree that an abatement is proper to allow appellant the opportunity to rebut the rebuttable presumption that he was effectively represented by Mr. Hale during the 30–day period after July 6. The *Oldham* Court expressly recognized that, in appropriate cases, courts should use abatement for this purpose. It declared:

> *Our holding on this issue is strictly limited to the use of Rule 2(b). We should not be understood as restricting court of appeals' power to abate an appeal and remand a case under authority other than Rule 2(b). When judicial resources can be conserved in the interest of justice, we encourage the courts of appeals to adopt and continue to use methods for resolving issues sooner rather than later, as long as such methods are legally endorsed.*

*Oldham*, 977 S.W.2d at 360 (emphasis added). Other authorities support abatement when appropriate. *See* TEX.R.APP.P. 44.4 (if trial court's error or failure to act prevents proper presentation of case on appeal and trial court can correct its error or failure to act, court of appeals "must not" affirm or reverse; instead, it "must direct the trial court to cure the error"); TEX. R.APP.P. 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require."); *McIntire v. State*, 698 S.W.2d 652, 662 (Tex.Crim.App.1985) (op. on reh'g) (abatement to determine feasibility of hearing on three-year-old motion for new trial); *Crosson v. State*, 36 S.W.3d 642, ————————

(Tex.App.—Houston [1st Dist.] Dec. 21, 2000, order) (abating for suppression hearing, listing many similar situations for which abatement has been ordered) (designated for publication). We rely on these authorities, not on Tex.R.App.P. 2(b), to grant the remedy endorsed by the Court of Criminal Appeals in *Oldham*. Whether abatement is appropriate will depend, of course, on the facts of each case. We hold it is appropriate in this case.

Accordingly, we **abate** the appeal and **remand** the cause for a hearing to determine whether appellant had counsel, and whether he received effective assistance of counsel, during the 30–day period for filing a motion for new trial.

The parties' attorneys are directed to contact the trial court coordinator to set the hearing date and to notify all parties and the court reporter of such date. Absent a request by either party, the trial court coordinator is directed to set the hearing date and notify the parties of such date. The hearing shall be set for a date no later than 60 days from the date of this order. The trial court coordinator shall advise the Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the hearing and make findings of fact and conclusions of law. A supplemental record from the hearing and the trial judge's findings and conclusions shall be sent to this Court no later than 90 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. It will be reinstated when the supplemental record and the trial judge's findings of fact and conclusions of law are filed here. The Court will also consider an appropriate motion to reinstate the appeal filed by either party. Once the appeal is so reinstated, we will rule on appellant's request to file an out-of-time motion for new trial. *See Prudhomme*, 28 S.W.3d at 119–20.

It is so **ORDERED**.