NO









NO. 12-04-00049-CR

 

                 IN
THE COURT OF APPEALS

 

      TWELFTH COURT OF
APPEALS DISTRICT

 

                           TYLER, TEXAS

 

ELLIOTT PRUITT,                                           '     APPEAL FROM THE 

APPELLANT

 

V.                                                                         '     COUNTY COURT AT
LAW OF

 

THE
STATE OF TEXAS,

APPELLEE                                                       '     NACOGDOCHES
COUNTY, TEXAS

 





                                                     MEMORANDUM
OPINION

                                                                 PER
CURIAM

Appellant=s court-appointed counsel has moved to abate this appeal
and, in addition, moved for leave to file an out-of-time motion for new
trial.  The State has filed no opposition
to Appellant=s motion. 

The motion states that on December 29, 2003, Appellant was
convicted by a jury of driving while intoxicated.  Sentence was imposed on the same day.  The motion further states that counsel was
notified of her appointment by telephone on January 27, 2004.  The
thirty-day period within which Appellant could file his notice of appeal and a
motion for new trial expired on January 29, 2004.  See Tex.
R. App. P. 26.2(a)(1); 21.4(a).  Counsel filed Appellant=s notice of appeal on January 28,
2004.  She asserts that had she been
timely appointed, she could have filed a motion for new trial and sought an
evidentiary hearing to determine whether Appellant=s trial attorney rendered effective assistance of
counsel.  Because she learned of her
appointment on January 27, she was unable to determine the necessity for such a
motion prior to the January 29 filing deadline. 
Counsel has now reviewed the reporter=s record of the trial and is of the opinion that a motion
for new trial alleging ineffective assistance of counsel is necessary.  








It is well settled that such a motion, if timely filed,
would have entitled Appellant to an evidentiary hearing.  Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993).  AWithout doubt the hearing on a motion for new trial is a
critical stage of the proceedings.  It is
the only opportunity to present to the trial court certain matters that may
warrant a new trial, and to make a record on those matters for appellate
review.@  Trevino
v. State, 565 S.W.2d 938, 940 (Tex. Crim.
App. 1978).

When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the
appellant and rejected.  Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d
354, 363 (Tex. Crim. App. 1998).  Appellant=s motion, as well as the clerk=s record, indicates that Appellant may not have been
assisted by counsel during this critical stage of the proceeding.  Therefore, we conclude that abatement is
appropriate to provide Appellant an opportunity to rebut the presumption that
he considered filing a motion for new trial, but decided not to do so.  See Jacks v. State, 42 S.W.3d
291, 294 (Tex. App.BHouston [1st Dist.] 2001) (order) (holding whether abatement
is appropriate will depend on facts of each case).  Accordingly, we abate the appeal and remand
the cause for a hearing to determine whether Appellant had counsel, and whether
he received effective assistance of counsel, during the thirty-day period for
filing a motion for new trial.

The parties= attorneys are directed to contact the trial court
coordinator to set the hearing date and to notify all parties and the court
reporter of such date.  The hearing shall
be set for a date no later than sixty days from the date of this order.  The trial court coordinator shall advise the
Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the
hearing and shall make findings of fact and conclusions of law.  A supplemental record from the hearing and
the trial judge=s findings and conclusions shall be sent to this Court no
later than ninety days from the date of this order.

The appeal is abated, treated as a closed case, and removed
from this Court=s active docket.  It
will be reinstated when the supplemental record and the trial judge=s findings of fact and conclusions of law are filed
here.  We will delay ruling on Appellant=s request to file an out-of-time motion for new trial until
the case is reinstated.

Opinion
delivered April 30, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

                                                             (DO NOT PUBLISH)