NUMBER
13-04-272-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

EDUARDO CONTRERAS,                                                                Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 105th District
Court

                                        of
Kleberg County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 








Appellant, Eduardo Contreras, was convicted by a
jury of the offense of possession of marihuana in an amount of 2,000 pounds or
less but more than fifty pounds. Tex.
Health & Safety Code Ann. ' 481.121(b)(5) (Vernon 2003). As a repeat felony
offender, appellant=s charge was enhanced from a second to a first
degree felony.  The jury assessed
punishment at twenty-five years= imprisonment. 
Appellant appeals his conviction in three issues, each alleging
ineffective assistance of counsel. 
Appellant claims that defense counsel was ineffective (1) during the
time period for filing a motion for new trial in violation of his right under
the Sixth and Fourteenth Amendments, (2) in failing to file a  motion to limine limiting testimony regarding
appellant=s prior convictions, and (3) at trial when counsel Aopened the door@ to appellant=s prior convictions and extraneous offenses.  We affirm. 

I.  Background
Facts

On July 9, 2003, appellant was traveling to Houston,
Texas, and was stopped at the Sarita checkpoint in Kenedy County, Texas.  Appellant was detained and consented to a
secondary K-9 search of his vehicle. 
Upon being prompted by a K-9 alert and noticing that the bolts of the
gas tank had recently been removed, border patrol agents searched and discovered
sixty-two pounds of marihuana in a secret compartment on top of appellant=s modified gas tank. 
The modified gas tank appeared to have been built for the purpose of
concealing illegal contraband.  Appellant
was subsequently arrested and transported to Kleberg County by a Kleberg County
Sheriff=s Deputy.








At trial, appellant pled not guilty and took the
stand.  He testified that he had
purchased the vehicle only a couple of weeks prior to the stop and was unaware
that the marihuana was hidden in the vehicle.[1]  Appellant introduced a registration receipt
into evidence showing that the vehicle was registered on July 7, 2003, just a
week before taking the trip.  On direct examination,
appellant testified to his prior criminal history, including, but not limited
to, a possession of marihuana felony conviction in 1990 and a possession of
marihuana felony conviction in 1995 in the state of Indiana.  Appellant pointed out that in his previous
cases he pled guilty.  Upon being asked
by defense counsel why he pled guilty in those cases, appellant answered: ABecause I was guilty. I knew I was guilty.@  There was no
objection by the defense to the admittance of the two certified judgments from
appellant=s previous felony convictions.  

Appellant did not file a motion for new trial.  However, appellant filed a notice of appeal
on May 19, 2004.  During a status of
appeal hearing on June 10, 2004, the record notes that because defense counsel
filed notice of appeal for appellant, he was to continue as appellant=s attorney on appeal.  On July 22, 2004, appellant=s trial counsel filed a Motion to Withdraw as
Counsel on the appeal.  In his motion,
counsel states that Athe only . . . possible appealable issue is, Ineffective
Assistance of Counsel.@  Because this
created a conflict of interest for counsel, the trial court granted his
motion.  On July 26, 2004, new counsel
was appointed to represent appellant for his appeal.  

II. Ineffective Assistance of Counsel 

a. Standard of Review








Ineffective assistance of counsel claims are
examined by the two-pronged standard set out in Strickland v. Washington,
466 U.S. 668 (1984).  See Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  Appellant has the burden to show by a
preponderance of the evidence that (1) trial counsel=s performance was deficient in that it fell below
the prevailing professional norms, and (2) the deficiency prejudiced the
defendant; that is, but for the deficiency, there is a reasonable probability
that the result of the proceeding would have been different.  See Mallett v. State, 65 S.W.3d 59,
62-63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  Our review of counsel=s representation is highly deferential and presumes
counsel=s actions fell within a wide range of reasonable
professional assistance.  See Mallett,
65 S.W.3d at 63.  It is appellant=s burden to prove, by a preponderance of the
evidence, that there is no plausible professional reason for a specific act or
omission.  See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). 

A substantial risk of failure accompanies a claim of
ineffective assistance of counsel on direct appeal because the record is
generally underdeveloped and cannot adequately reflect the failings of trial
counsel.  See Thompson, 9 S.W.3d
at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d). 
Therefore, it is critical that the defendant make the necessary record
in the trial court to rebut the Strickland presumption that counsel=s conduct was strategic.  See Thompson, 9 S.W.3d at 814; McCullough,
116 S.W.3d at 92.  This kind of record is
best developed in a hearing on a motion for new trial, or by application for a
writ of habeas corpus.  See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); McCullough,
116 S.W.3d at 92.  Without evidence of
the strategy and methods involved concerning counsel=s actions at trial, the court will presume sound
trial strategy.  See Thompson, 9
S.W.3d at 814.  

b. Motion for New Trial








In the instant case, appellant argues that trial
counsel obviously failed to act effectively on appellant=s behalf during the time for filing the new trial
motion because no such motion was filed. 
Appellant argues that some courts of appeals have held that a defendant
is constitutionally entitled to counsel during the time limit for filing a
motion for a new trial.  See, e.g.,
Jack v. State, 42 S.W.3d 291, 293 (Tex. App.BHouston
[1st Dist.] 2001, no pet.); Prudhomme v. State, 28 S.W.3d 114, 119 (Tex.
App.BTexarkana 2001, pet. ref=d).  However,
the facts from the cases to which appellant cites are distinguishable from the
present case.[2]  It is clearly obvious from the record that
appellant had counsel during the crucial thirty-day period after
sentencing.           








Appellant argues that during the status hearing on
appeal, although trial counsel had filed a notice of appeal on appellant=s behalf, he had taken no other action due to his
conflict of interest.  There is no
evidence in the record that supports his claim. 
The record merely shows that trial counsel sought to remove himself from
the case on July 22, 2004, because the only ground for appeal that he could
determine was potentially meritorious for appellant was ineffectiveness of
counsel.  Trial counsel=s conflict of interest in appellant=s appeal had not yet become a factor during the
thirty-day period appellant had to file a motion for a new trial.  The court of criminal appeals has stated
that, AWhen a motion for new trial is not filed in a case,
the rebuttable presumption is that it was considered by the appellant and
rejected.@  Smith v.
State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v. State,
977 S.W.2d 354, 363 (Tex. Crim. App. 1998). 
When the record does not reflect that trial counsel withdrew or was
replaced by new counsel after sentencing, there is a rebuttable presumption
that trial counsel continued to effectively represent the defendant during the
time limit for filing a motion for new trial. 
See Smith, 17 S.W.3d at 662; Oldham, 977 S.W.2d at
363.  As such, when a motion for new
trial is not filed in a case, there is a rebuttable presumption that the
defendant was counseled by his attorney regarding the merits of the motion and
ultimately rejected the option.  Oldham,
977 S.W.2d at 363.  

We must presume that because trial counsel sought to
remove himself after the thirty-day motion for new trial period he continued to
effectively represent the appellant during this time.  Furthermore, we are to presume that because
no motion for a new trial was filed within the time limit, appellant considered
and rejected the idea of a motion for a new trial.  Appellant has provided no evidence supported
by the record to the contrary.  See
Thompson, 9 S.W.3d at 814; McCullough, 116 S.W.3d at 92.  Therefore, we overrule appellant=s first issue.   


c.  Prior
Criminal History 








In appellant=s second and third issues, he claims ineffectiveness
of counsel because of counsel=s failure to file a motion in limine regarding
appellant=s prior criminal history and because counsel Aopened the door@ to appellant=s prior convictions and extraneous offenses on
direct examination.  The record shows
defense counsel=s attempts to preemptively use appellant=s criminal record to his advantage.  Appellant attempted to rationalize the
differences between his previous felony convictions, where he chose to plead
guilty, and this case where he did not. 
It is clear from the record that appellant=s
trial strategy involved demonstrating to the jury that he was willing to accept
responsibility for wrongs he actually committed, and implying that because he
was not pleading guilty to the current charge, he must not have committed it.  

Considering all the circumstances, including
appellant=s independent decision to testify against the advice
of counsel, there is no evidence that counsel did not maintain a sound defense
strategy.  See Thompson, 9 S.W.3d
at 814; McCullough, 116 S.W.3d at 92. 
We conclude that trial counsel=s actions fell into the wide range of reasonable
professional assistance.  See Mallett,
65 S.W.3d at 63.  We therefore overrule
appellant=s second and third issues.

III. 
Conclusion 

Having overruled all appellant=s issues, we affirm the judgment of the trial court.


 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 22nd day of August, 2005.

 

 

 

 

 

 

 

 








 











[1]The record shows that prior to testifying at trial,
appellant was duly admonished by the court and he stated to the court that he
knew of the consequences of testifying on his behalf and elected to testify
against the advice of his trial counsel. 





[2]In the Prudhomme case,
throughout his trial, Prudhomme was represented by counsel, and the record does
not contain a motion to withdraw filed on behalf of trial counsel. See
Prudhomme v. State, 28 S.W.3d 114, 117 (Tex. App.BTexarkana 2001, pet. ref=d). 
However, twenty‑five days after his sentence was imposed,
Prudhomme filed a pro se motion for substitution of attorney, together with a
pro se notice of appeal. See id. 
In the Jack case, on the day of sentencing, appellant's court‑appointed
trial counsel filed written notice of appeal, and the judge noted on his docket
sheet, AAttorney on appeal to be appointed.@ 
See Jack v. State, 42 S.W.3d 291, 292 (Tex. App.BHouston [1st Dist.] 2001, no
pet.).  Fifty‑three days later, the
Harris County clerk sent a letter to the court stating that the attorney of
record on appeal was Ato be determined.@ 
See id.  No attorney on
appeal was appointed until sixty-nine days after the sentencing.  See id. 
During this time, there was no motion for new trial, no motion to
withdraw, and no other activity is apparent. 
See id.  Both these cases
involved defendants without attorneys during all or part of the time period for
filing a motion for new trial.