Opinion issued December 1, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01204-CR
____________

FRANK COOKS JR., Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 950,968
 

 
 
O P I N I O N
          Appellant, Frank Cooks Jr., pleaded guilty to the offense of aggravated assault
with a deadly weapon


 without an agreed punishment recommendation from the State. 
The trial court found appellant guilty and assessed his punishment at confinement for
15 years. In his sole point of error, appellant contends that he received ineffective
assistance of counsel during the time required to file a motion for new trial. We
affirm. 
Factual and Procedural Background
          Represented by retained trial counsel, appellant entered his guilty plea on June
23, 2004, and the case was reset for preparation of a pre-sentence investigation (PSI)
report. On October 25, 2004, the trial court conducted a hearing on the PSI. At the
hearing, appellant’s counsel called several witnesses and presented letters to the court
from appellant’s supervisors, co-workers, and family – all attesting to appellant’s
good character and suitability for probation. After the trial court found appellant
guilty and pronounced his sentence, the following exchange occurred between
appellant’s trial counsel and the trial court:[Trial Counsel]:Your Honor, I would like to advise [appellant] on
the record that he has a right to appeal. He does not
have the funds to hire me, if he sought (sic) fit to
hire me. Although I don’t see grounds for appeal at
this time, I would ask the [C]ourt appoint him a
lawyer rather than me to pursue that matter if he
wishes to do so.
 
[Trial Court]: If he wishes to do so, notice of appeal will be filed,
and the Court will appoint him an attorney to handle
the case. 
          On November 15, 2004, trial counsel filed appellant’s written notice of appeal
and requested the appointment of appellate counsel. At that time, ten days of the
thirty-day time limit remained in which appellant could have filed a motion for new
trial. See Tex. R. App. P. 21.4(a)(1). On that same day, the trial court signed a
pauper’s oath, appointing appellant counsel for his appeal. The thirty-day period for
the filing of a motion for new trial expired on November 25, 2004.



Abatement
          In his sole point of error, appellant contends that he was denied effective
assistance of counsel during the thirty-day period after sentencing, depriving him of
the opportunity to develop an appellate record to show that he received ineffective
assistance of counsel during the punishment phase of trial. He asserts that the trial
court failed to appoint appellate counsel until only ten days remained in the time
period to file a motion for new trial. Ultimately, appellant did not file a motion for
new trial. Appellant further asserts that this violation has denied him the effective
representation of counsel on direct appeal. Appellant asks this Court for an
abatement of the appeal and a remand to the trial court so that appellant “can make
a properly counseled decision whether to pursue his appeal, including the decision
whether to pursue a claim of any kind on timely motion for new trial.”


 
          A defendant has a right to file a motion for a new trial. See Tex. R. App. P.
21.4. If a motion for new trial is to be filed, it must be done within thirty days of
sentencing. Tex. R. App. P. 21.4(a)(1). This right emanates exclusively from the
Rules of Appellate Procedure, and the Rules must be strictly complied with when
seeking the remedy. See Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987). 
When a motion for new trial is not filed in a case, the rebuttable presumption is that
it was considered by the defendant and rejected. Oldham v. State, 977 S.W.2d 354,
363 (Tex. Crim. App. 1998). 
          The courts of appeals have recognized that the thirty-day period for filing a
new trial motion is a critical stage of a criminal proceeding in which defendants are
entitled to assistance of counsel. See Jack v. State, 64 S.W.3d 694, 696–97 (Tex.
App.—Houston [1st Dist.] 2002), pet. dism’d, 149 S.W.3d 119 (Tex. Crim. App.
2004); Prudhomme v. State, 28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000,
order); Hanson v. State, 11 S.W.3d 285, 288–89 (Tex. App.—Houston [14th Dist.]
1999, pet. ref’d); Massingill v. State, 8 S.W.3d 733, 736–37 (Tex. App.—Austin
1999, order, pet. ref’d). The Court of Criminal Appeals has not yet addressed this
issue. Smith v. State, 17 S.W.3d 660, 663 n.3 (Tex. Crim. App. 2000). 
          Appellant contends that he is entitled to a remand of his case to the trial court
so that “he can make a properly counseled decision whether to pursue his appeal.” 
In Jack v. State, this Court abated an appeal for the filing of an out-of-time motion
for new trial because “[e]verything in the record indicate[d] that appellant was not
assisted by counsel during the thirty-day critical stage for filing a motion for new
trial.” 42 S.W.3d 291, 293 (Tex. App.—Houston [1st Dist.] 2001, order). We abated
the appeal “to allow appellant the opportunity to rebut the rebuttable presumption that
he was effectively represented by [his attorney] during the thirty-day period after
[sentencing].” Id. The constitutional underpinning for the procedure enunciated in
Jack and the error which appellant complains of (denial of counsel during the time
to file his motion for new trial) implicate the Sixth Amendment of the United States
Constitution.


 Jack, 42 S.W.3d at 293 (citing Smith, 17 S.W.3d at 662). However,
such a violation of the Sixth Amendment is subject to a “harmless error” analysis. 
Green v. State, 872 S.W.2d 717, 727 (Tex. Crim. App. 1994); see also Satterwhite v.
Texas, 486 U.S. 249, 257, 108 S. Ct. 1792, 1798 (1988) (holding that where absence
of counsel does not pervade entire proceeding, Sixth Amendment violations are
subject to harmless error analysis).
          Initially, we note that “[a]n attorney’s legal responsibilities do not magically
and automatically terminate at the conclusion of the trial.” Ward v. State, 740 S.W.2d
794, 796 (Tex. Crim. App. 1987). Trial counsel remains the defendant’s counsel for
all purposes until expressly permitted to withdraw. Id. at 797. A defendant must
rebut the presumption that he received effective assistance of counsel during the time
period during which a motion for new trial could be filed. See Oldham, 977 S.W.2d
at 362–63. Thus, the burden of proof to show abandonment of counsel is upon a
defendant. Id. at 367. 
          Although no order of withdrawal was entered in the instant case, appellant
asserts that “trial counsel was not ‘representing’ appellant concerning his appeal
during the time from sentencing until November 15th.” He argues that counsel did
not explicitly seek permission to withdraw because “the court obviously shared trial
counsel’s view that his representation and responsibility had ended with sentencing.” 
After advising appellant of his right to appeal on the record, trial counsel stated,
“[appellant] does not have the funds to hire me, if he sought (sic) fit to hire me.” He
then asked the trial court to “appoint [appellant] a lawyer rather than me to pursue
that matter [of appeal] if he wishes to do so.” In response, the trial court then stated,
“If he wishes to do so, notice of appeal will be filed and the Court will appoint him
an attorney to handle the case.” It appears that trial counsel sought to prevent “the
ambiguity of representation which all too often follows a conviction.” Ward, 740
S.W.2d at 797. When trial counsel “believes that representation has ended, the
appellant as a practical matter receives no assistance at all even though there may still
be an attorney of record on the case.” Id. at 798–800. Having informed appellant and
the trial court, on the record, that appellant could not afford to hire him to pursue any
appeal, counsel likely regarded that his responsibility did not extend to representing
appellant for appellate purposes. Cf. Ex parte Axel, 757 S.W.2d 369, 372 (Tex. Crim.
App. 1988) (finding indigent applicant did not receive any practical assistance of
counsel in protecting and preserving his appellate rights when his attorney informed
him that appeal is costly and [appellant] could not financially support one); see also
Burnett v. State, 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d) (holding that trial counsel’s filing of notice of appeal on date of sentencing,
together with record notations that appellate counsel was “to be determined,”
demonstrated that trial counsel was no longer representing appellant); Callis v. State,
756 S.W.2d 826, 827 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (same). 
Moreover, trial counsel’s mere filing of a notice of appeal shortly before the deadline
was not inconsistent with a finding that “trial counsel thought his duties were
completed with the end of the trial, and had thereafter abandoned the appellant.” See
Oldham, 977 S.W. 2d at 362–63. 
          Although the record reflects that appellant did not enjoy the benefit of
representation following his sentencing and until November 15, we note that
appellant counsel was appointed on the same date that appellant’s notice of appeal
was filed. Although there was still time for appellant to file a motion for new trial,
his appellant counsel did not file a motion for new trial. Unlike other cases where
courts have found a deprivation of counsel during a critical stage,


 here, the record
indicates that appellant was represented by appointed appellate counsel when time
still remained in which to file a motion for new trial. Appellant has asserted, in his
previously filed “Motion to Abate Appeal to File Out-of-Time Motion for New
Trial,” that his appellate counsel received notice of said appointment on November
18, 2004, when only seven days remained in the thirty-day period from sentencing in
which appellant was required to file a motion for new trial. Appellant asserts that his
appellate counsel did not have time to communicate with appellant, advise him of his
right to file a motion for new trial, investigate the pertinent facts, and file a proper
motion. However, even if this point were to factor into our disposition of the case,
there is no evidence in the record indicating when appellant’s appellate counsel
received notice of her appointment. An appellate court may not consider factual
assertions that are outside the record. Janecka v. State, 937 S.W.2d 456, 476 (Tex.
Crim. App. 1996). As stated earlier, the trial court promptly appointed counsel after
it was notified that appellant had filed a notice of appeal. 
          We note, as the Court of Criminal Appeals did in Oldham, that the record is
generally not developed adequately on ineffective assistance of counsel claims in
most cases, and for that reason such a claim may be raised on habeas corpus even
after rejection on appeal. See Oldham, 977 S.W. 2d at 363; see also Ex parte Torres,
943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (holding writ of habeas corpus usually
appropriate vehicle to investigate ineffective-assistance claims). Here, appellant was
appointed counsel to pursue his appeal on the same day that he filed his written notice
of appeal. On this record, we cannot conclude that appellant has rebutted the
presumption that he was afforded effective representation of counsel during a critical
phase of trial. Accordingly, we overrule appellant’s sole point of error.Conclusion
           We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists Justices Nuchia, Jennings and Higley.
 
Publish. Tex. R. App. P. 47.2(b).