Opinion issued April 5, 2007


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00063-CR






JAMES HAIL BENSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 818465





DISSENTING OPINION ON EN BANC 


 I respectfully dissent. This is appellant's second request for abatement. We
previously abated the appeal, in February 2005, and ordered the trial court to conduct
a hearing to determine whether appellant, a pro se litigant, was indigent and wished
to appeal and, if so, to appoint appellate counsel. The trial court held the hearing and
appointed counsel for appellant on April 15, 2005. In his second request for
abatement, appellant contends the record demonstrates that he was without counsel
from the date of sentencing, July 20, 2004, until April 15, 2005, when the trial court
appointed appellate counsel, and, therefore, he was deprived of his constitutional
right to counsel during a critical phase of these criminal proceedings. He asks that
we abate the appeal and remand the cause to the trial court to start the appellate
timetable running again so that he may file a motion for new trial. 

 When appellant first made his request for a second abatement, we mistakenly
understood him to be requesting, first, abatement for a Jack I hearing to permit him
to overcome the presumption that he was represented by counsel during the running
of the appellate timetable and, second, abatement to start the appellate timetable
running again so that he could file an out-of-time motion for new trial. See Jack v.
State, 42 S.W.3d 291, 294 (Tex. App.--Houston [1st Dist.] 2001, order) (Jack I); see
also Jack v. State, 64 S.W.3d 694, 696-97 (Tex. App.--Houston [1st Dist.] 2002)
(Jack II), pet. dism'd, 149 S.W.3d 119 (Tex. Crim. App. 2004) (Jack III); Smith v.
State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000) ("[w]hen a motion for new trial
is not filed in a case, the rebuttable presumption is that it was considered by the
appellant and rejected"); Oldham v. State, 977 S.W.2d 354, 368 (Tex. Crim. App.
1998) (motions for new trial are helpful for developing evidence of trial attorney's
ineffective assistance of counsel, particularly when issues concern claim premised on
trial attorney's failure to act). 

 On July 19, 2006, the panel issued an order in response to appellant's request
that abated this cause for a second time. We stated, "We abate the appeal and remand
the cause for a hearing to determine whether appellant had counsel, and whether he
received ineffective assistance of counsel, during the 30-day period for filing a
motion for new trial." We also stated, "Once the appeal is reinstated, we will rule on
appellant's request to file an out-of-time motion for new trial." We did not rule on
the merits of whether we would allow appellant to file an out-of-time motion for new
trial, which was the remedy appellant sought. Instead, we opted to wait to decide that
issue until after the trial court conducted an evidentiary hearing on whether appellant
was represented by trial counsel during the 30-day window for filing a motion for
new trial. This put us in the position of ordering abatement for a purpose for which
it was not sought and creating and implementing a duplicative process of our own that
would require yet another abatement should we ultimately grant appellant's request
to restart the appellate timetable to permit an out-of-time motion for new trial.

 The State filed a motion to reconsider the order that abated the case for a
second time. Upon the State's motion requesting rehearing, and after requesting a
response from appellant, we withdrew our July 19, 2006 order abating this case and
reinstated the appeal on September 6, 2006. The trial court, therefore, never
conducted the evidentiary hearing that had been ordered in the second abatement.

 The majority of the full court now compounds the panel's error by denying
appellant the right to the hearing he did not seek (to determine whether he had post-trial counsel) but which the panel inappropriately granted, holding (in my view,
erroneously) on the basis of the record already before the Court that appellant did not
overcome the presumption that he was represented by counsel in the critical post-trial
period; the majority then erroneously denies appellant the remedy he did seek in the
belief that he had overcome the presumption that he had had representation in the
post-trial period, namely abatement to file his out-of-time motion for new trial. In the
process, we overrule Jack I, which is before the Court only because we misconstrued
appellant's request for the second abatement, and not otherwise. 

 The Court, like the panel, mistakenly characterizes appellant's request as a
request that we abate the proceedings to allow him the opportunity to overcome the
presumption that he was represented by counsel during the critical period between
sentencing and the running of appellate deadlines. Such a hearing is called a Jack I
hearing. Because I do not think the issue of overruling Jack I is properly presented
by this case, I think it is a mistake to address it and that our en banc opinion
overruling Jack I is advisory. Not only is a Jack I situation not before us, so that our
overruling JacF

k I is advisory, but also by overruling Jack I in an improper case we make it
unavailable to us in a proper case. Nothing in Jack I itself requires this court to hold
a Jack I hearing when we have a record sufficient to determine whether an appellant
was or was not represented by counsel in the immediate post-sentencing hearing. The
majority nevertheless now posits such a requirement and overrules the requirement
it posits.

 As Justice Jennings' dissent likewise points out, appellant did not ask for
abatement to allow him to make a record to overcome the presumption that he was
represented between the time of sentencing and the time the timetable for filing a
motion for new trial ran. Appellant actually argues that he has overcome the
presumption, and he asks for abatement to start the appellate timetable running again. 
This is the appropriate remedy once it is established that an appellant was without
counsel during the critical post-sentencing period. See Ward v. State, 740 S.W.2d
794, 800 (Tex. Crim. App. 1987) (when defendant is deprived of effective counsel
during period for filing motion for new trial, remedy is to reset appellate time limits);
see also Ex parte Axel, 757 S.W.2d 369, 374-75 (Tex. Crim. App. 1988) (when
defendant is denied constitutional right to effective assistance of counsel in protecting
and preserving his appellate rights, appellant is entitled to out-of-time appeal); Jack
II, 64 S.W.3d at 697.

 I agree with appellant that the record before this Court amply supports the
conclusion that appellant was not represented by counsel between the time of
sentencing, July 20, 2004, and the appointment of appellate counsel on April 15,
2005. As the majority acknowledges, after appellant was sentenced, his counsel
neither objected to the sentence, nor filed a motion to withdraw from the case, nor
filed anything else with the trial court. Appellant filed a pro se notice of appeal nine
days after sentencing that clearly stated, "Appellant, an indigent, prays for the setting
of APPEAL BOND, and NOT BEING REPRESENTED BY COUNSEL SINCE
SENTENCING also prays for the APPOINTMENT OF APPELLATE COUNSEL." 
On January 14, 2005, almost five months after appellant filed the notice of appeal, the
trial court certified appellant's right of appeal. On February 18, 2005, appellant filed
a pro se motion in this Court requesting an extension of time to file a pro se brief. On
March 7, 2005, we abated the appeal, stating, "The problem is that appellant is not
represented by counsel on appeal." We ordered the trial court to appoint appellate
counsel for appellant if appellant desired to pursue the appeal and was found to be
indigent. On April 15, 2005, the trial court conducted the hearing, found that
appellant was indigent and wished to be represented, appointed appellate counsel, and
stated, "Well, I don't know why you weren't appointed a lawyer on appeal . . .
because you should have been appointed a lawyer . . . ." 

 There is less than a scintilla of evidence in the record that appellant had
counsel at any time between July 20, 2004 and April 15, 2005. Therefore, there is
nothing in the record to overcome appellant's evidence rebutting the presumption of
counsel during the critical post-trial period and nothing to be gained by creating--and
then denying--a requirement that we abate so that appellant can make such a record.

 Nevertheless, the Court, after overruling Jack I, determines, solely on the basis
of a string of presumptions of its own, that appellant has not overcome the
presumption that he was represented by counsel during the time for filing a motion
for new trial. I cannot imagine what more the Court would require to determine that
appellant was not represented by counsel between the date of his sentencing on July
20, 2004 and April 15, 2005. Nor can I imagine on what evidentiary basis it can
conclude that he has not overcome the presumption that he was represented by
counsel during the running of deadlines in the trial court. Nor can I imagine what
purpose would be served by holding a hearing to make such a determination. Nor,
finally, can I interpret appellant's request that we abate this appeal so that he can file
a motion for new trial to build a record on ineffective assistance of counsel during the
post-trial period as a request that the trial court hold a hearing to determine whether
he had counsel during the period for filing a motion for new trial. Appellant requests
a Ward and Jack II abatement, not a Jack I abatement.

 I would hold, on the basis of Smith and Oldham, that appellant has overcome
the presumption that he was represented by counsel during the running of appellate
timetables and that his appellate counsel is now seeking the appropriate remedy under
Ward, namely, remand to start the appellate timetable running again so that he can file
a motion for new trial to build a record to substantiate appellant's claims of
ineffective assistance of counsel. See Smith, 17 S.W.3d at 662; Oldham, 977 S.W.2d
at 368; Ward, 740 S.W.2d at 800.

 I would abate the appeal and remand the cause to the trial court with
instructions that the court reset the appellate timetables. I would not use this occasion
to revisit our holding in Jack I because I do not believe that issue is properly before
us, and, therefore, the majority opinion is advisory.





 Evelyn V. Keyes

 Justice


Panel consisted of Justices Keyes, Alcala, and Bland.


En banc consideration was requested. See Tex. R. App. P. 41.2(c).


A majority of the Court voted for en banc consideration.


The en banc Court consists of Chief Justice Radack and Justices Taft, Nuchia,
Jennings, Keyes, Alcala, Hanks, Higley, and Bland.


Justice Alcala, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Taft, Nuchia, Hanks, Higley, and Bland.


Justice Jennings, dissenting. 


Justice Keyes, dissenting.


Publish. Tex. R. App. P. 47.2(b).