# NO. 12-16-00070-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***KRISTOPHER JOSEPH LALONDE,*** *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kristopher Joseph Lalonde appeals from his conviction for possession of a controlled substance. In two issues, he challenges the denial of his motion to suppress and the sufficiency of the evidence to support his conviction. We affirm.

### BACKGROUND

On May 2, 2014, Chief Deputy Stephen Godfrey and Deputies Salomon Landeros and Mario Reyna, all with the Nacogdoches County Sheriff's Department, conducted a "knock and talk" at Appellant's garage apartment to investigate possible narcotics activity. Landeros explained that a "knock and talk" involves talking with people at the residence, revealing that the officers have information that something illegal is occurring inside the residence, and attempting to obtain consent to search. The officers testified that Appellant consented to a search of the apartment.

During the search, the officers found methamphetamine. The State charged Appellant with possession of a controlled substance in an amount less than one gram, to which Appellant pleaded "not guilty." At the conclusion of trial, the jury found Appellant guilty of possession of a controlled substance, and assessed a sentence of imprisonment for seven years, along with a $10,000 fine.

In his first issue, Appellant argues that the trial court abused its discretion by denying his motion to suppress evidence seized as the result of a warrantless search. According to Appellant, his scope of consent was limited to permitting the officers to identify the other person in the apartment and did not include a search of the residence.

## Standard of Review

We review a suppression ruling for an abuse of discretion under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). First, we afford almost total deference to a trial court's determination of historical facts. *Valtierra*, 310 S.W.3d at 447. The trial court is the sole trier of fact and judge of the witnesses' credibility and the weight to give their testimony. *Id*. The trial court may believe or disbelieve all or part of a witness's testimony. *Id*. Second, we apply a de novo review to the trial court's application of law to the facts. *Id*. We will sustain the trial court's ruling if it is reasonably supported by the record and correct on any legal theory. *Id*. at 447-48.

## Facts

At the suppression hearing, Captain Michael Davidson of the Nacogdoches County Sheriff's Department testified that he received information that Appellant had a party the night before the search, at which multiple individuals were using methamphetamine. The next day, the officers went to the house to investigate. When Davidson asked Appellant for permission to search the residence, Appellant stated that it belonged to his mother and the officers needed to ask her for consent. Chief Deputy Godfrey and Deputy Reyna testified similarly. Godfrey told Appellant that, as an occupant, he could consent to search an area that was in his care, custody, and control. Although Davidson testified that Godfrey had the most contact with Appellant once they entered the residence, he and Reyna both testified to hearing Godfrey's conversation with Appellant.

Godfrey, Davidson, and Reyna all testified that, after this conversation, Appellant consented to a search of the residence and his person. Reyna and Davidson testified that Appellant never refused consent. Reyna explained that Appellant merely stated he needed to contact his mother. When asked if Appellant gave consent to secure the other occupant, Reyna

testified that Appellant consented to a search of the house, and that it was clear he was giving consent to search the residence and his person. Davidson testified that he never heard Appellant state that the officers could go upstairs to check on another occupant, but could not search.

Godfrey testified that they spoke with the other occupant inside the house, Michelle Reeves, who had been asleep in bed, and that it was evident Appellant had been in bed with Reeves. Appellant's personal items were inside the apartment. Davidson and Reyna testified that it was apparent that Appellant resided in the apartment. The officers testified that they found methamphetamine in a pair of Appellant's pants and in his wallet.

Appellant testified that he temporarily resided in the apartment. He had a party the night before the search and he met Reeves that night. He admitted that someone, but he did not know who, brought methamphetamine to the party. He and several others used methamphetamine at the party. The next morning, when the officers knocked on his door and informed him about the allegations of narcotics activity, Appellant told them that they were misinformed. He testified that the officers asked for consent to search, but he told them they had to contact his mother and stepfather because they owned the property. He told the officers that if his parents consented, he had no problem with a search.

At some point, the officers asked if anyone else was in the house. When Appellant told them about Reeves, the officers stated that they needed to identify her. Appellant told the officers that they could go upstairs for that purpose. He denied telling officers that they could search the residence, and he testified to making it clear that they needed to contact his parents if they wanted to search. He offered to contact his parents, but claimed that the officers would not entertain that idea. Regarding the methamphetamine found in his pants and wallet, he explained that Reeves was upstairs by herself for approximately twenty minutes while he was downstairs talking to the officers. He stated that other individuals may also have had access to his belongings.

**Analysis**

Voluntary consent to search is an exception to the warrant requirement. *Id.* at 448. Consent must be positive, but may be given orally or by action, or shown by circumstantial evidence. *Id*. "The validity of an alleged consent to search is a question of fact to be determined from the totality of the circumstances." *Id*. Once an officer is permitted into a residence, he may take action only in accordance with the purpose for which he was invited or

allowed into the residence. *Id*. The proper standard for measuring the scope of consent is that of objective reasonableness, i.e., what the typical reasonable person would have understood by the exchange between the officer and the suspect. *Id*. at 449. Voluntary consent must be proven by clear and convincing evidence. *Id*. at 448.

The trial court heard testimony that the officers requested consent to search the garage apartment and that Appellant did not refuse consent, but initially referred the officers to his parents. Godfrey, Davidson, and Reyna all testified that Appellant consented to a search of the residence once he understood that he had the right to give consent. As sole judge of the weight and credibility of the witnesses' testimony, the trial court was entitled to reject Appellant's contrary testimony. *See id.* at 447. Based on the totality of the circumstances, the trial court could have found that it was objectively reasonable for the officers to conclude that Appellant's consent was not limited to entering the residence for the sole purpose of identifying another occupant, but included consent to search the residence. *See id*. at 448-49. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion by denying Appellant's motion to suppress. *See id*. at 447. We overrule issue one.

## Motion to Abate

With regard to his first issue, Appellant has filed a motion to abate this appeal to allow him to pursue an out of time motion for new trial based on newly discovered evidence. He argues that Chief Deputy Godfrey has been indicted for aggravated perjury in an unrelated case. According to Appellant, "Godfrey was [the State's principal] witness at the [suppression] hearing (and at trial), and [] he was the only officer who testified unequivocally that he received [Appellant's] consent to search."

An appellate court may make any appropriate order that the law and the nature of the case require. TEX. R. APP. P. 43.6. Whether abatement is the proper remedy will depend on the facts of each case. *Jack v. State*, 42 S.W.3d 291, 294 (Tex. App.—Houston [1st Dist.] 2001) (order). As previously discussed, Davidson and Reyna both testified that (1) Appellant initially stated that the officers had to contact his parents, the owners of the property; (2) Godfrey told Appellant that he had the authority to consent; (3) they heard this conversation between Appellant and Godfrey; and (4) after this conversation, Appellant gave consent to search the residence. Once the officers entered the apartment, Godfrey then had primary contact with

4

Appellant. Thus, even without Godfrey's testimony, the trial court could have found that Appellant voluntarily consented to the search and denied Appellant's motion to suppress. Under the facts of this case, we conclude that abatement is not an appropriate remedy. *See* TEX. R. APP. P. 43.6; *see also **Jack***, 42 S.W.3d at 294. We overrule Appellant's motion to abate.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction. Appellant maintains that the State failed to establish the links necessary to connect him to the methamphetamine found by the officers.

**Standard of Review and Applicable Law**

When reviewing the sufficiency of the evidence, we determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

A person commits the offense of possession of a controlled substance when he knowingly or intentionally possesses a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2010). The state must show that the accused (1) exercised control, management, or care over the controlled substance; and (2) knew the matter possessed was contraband. ***Evans v. State***, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The accused's connection with the controlled substance must be more than merely fortuitous. *Id*. We consider the following nonexclusive list of factors when addressing the accused's connection to a controlled substance:

> (1) whether the contraband was in plain view or recovered from an enclosed place; (2) whether the accused was the owner of the premises or had the right to possess the place where the contraband was found, or was the owner or driver of the automobile in which the contraband was found; (3) whether the accused was found with a large amount of cash; (4) whether the contraband was conveniently accessible to the accused or found on the same side of the vehicle as the accused was sitting; (5) whether the contraband was found in close proximity to the accused; (6) whether a strong residual odor of the contraband was present; (7) whether the accused possessed other

5

contraband when arrested; (8) whether paraphernalia to use the contraband was in view or found on the accused; (9) whether the physical condition of the accused indicated recent consumption of the contraband in question; (10) whether conduct by the accused indicated a consciousness of guilt; (11) whether the accused attempted to escape or flee; (12) whether the accused made furtive gestures; (13) whether the accused had a special connection to the contraband; (14) whether the occupants of the premises gave conflicting statements about relevant matters; (15) whether the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) whether the accused was observed in a suspicious place under suspicious circumstances.

*Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.—Tyler 2006, pet. ref'd). The number of links is not dispositive; rather, it is the logical force of all of the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162.

**Analysis**

Several factors link Appellant to the methamphetamine. First, the record indicates that Appellant resided in the apartment and, therefore, had a right to possess the place where the methamphetamine was found. Second, the methamphetamine was in close proximity to him and was conveniently accessible to him. The trial court heard testimony that one bag of methamphetamine was found in Appellant's wallet, which was under a pillow on the bed where Appellant had been sleeping. Another bag, which contained a "dirty trace back of methamphetamine," was found in Appellant's pants, which were in the bedroom where the wallet was found. Third, Appellant was found in possession of other contraband, i.e., a firearm.

Although not all factors are present in this case, the absence of certain links does not constitute evidence of innocence to be weighed against those links that are present. *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The logical force of the combined pieces of circumstantial evidence, coupled with reasonable inferences therefrom, is sufficient to establish, beyond a reasonable doubt, that Appellant exercised actual care, custody, control, or management of the methamphetamine found in his wallet and pants. *See Evans*, 202 S.W.3d at 166. Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant knowingly or intentionally possessed the methamphetamine. *See Brooks*, 323 S.W.3d at 899; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). Because the evidence is legally sufficient to support Appellant's conviction for possession of a controlled substance, we overrule his second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2016

NO. 12-16-00070-CR

**KRISTOPHER JOSEPH LALONDE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1420932)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*