02-10-313-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00313-CR

 

 


 
 
 Joel Nwigwe
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 211th
District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Joel Nwigwe complains that the trial court denied his due process rights under
the Texas and United States Constitutions by appointing appellate counsel fifty-six
days after final judgment granting the State’s motion to adjudicate his guilt following
his original sentence of five years’ deferred adjudication.  We determine that the
record does not establish that any such denial of rights occurred and affirm
the trial court’s judgment.

II. 
Factual and Procedural Background

          In
2007, a Denton County grand jury indicted appellant for committing credit card
abuse, which is typically a state jail felony.[2]  Appellant retained
counsel.  In March 2009, appellant received admonishments of his statutory and
constitutional rights, judicially confessed, and pled guilty.  The trial court
deferred adjudication of appellant’s guilt and placed him on five years’
community supervision.

          A
year later, the State filed a motion asking the trial court to adjudicate
appellant guilty; the motion alleged that appellant violated several conditions
of his community supervision.  Appellant retained different counsel for the
hearing on the motion.  At the hearing on June 14, 2010, appellant pled not
true to the allegations in the motion.  After hearing testimony from four witnesses,
including appellant, the trial court found all of the allegations to be true,
revoked appellant’s community supervision, found him guilty, and sentenced him
to twenty-four months’ confinement.[3]  About a month after the
trial court pronounced the June 14, 2010 judgment, which was filed June 23,
2010, appellant filed a pro se notice of appeal and a motion for court-appointed
appellate counsel.  The trial court appointed counsel, and counsel filed
another notice of appeal.  Appellate counsel also filed a motion for new trial
asserting that the evidence was insufficient to support appellant’s guilt and
that appellant was denied effective assistance of counsel because his trial
counsel allegedly failed to investigate, request hearings or seek rulings on
pretrial motions, and properly prepare for appellant’s defense.

III. 
Standard of Review and Analysis

          In
his sole point, appellant argues that the trial court denied him due process by
waiting fifty-six days after the final judgment to appoint appellate counsel, thereby
preventing him from filing a motion for new trial and pursuing a claim of
ineffective assistance against trial counsel.  Appellant correctly asserts that
the constitutions of the United States and Texas give him the right to the
effective assistance of counsel at all critical stages of a trial court’s
proceedings, which includes litigating a motion for new trial.  U.S. Const.
amend. VI; Tex. Const. art. I, § 10; Cooks v. State, 240 S.W.3d 906, 911
(Tex. Crim. App. 2007); Smith v. State, 17 S.W.3d 660, 662 (Tex. Crim.
App. 2000); Oldham v. State, 977 S.W.2d 354, 361 (Tex. Crim. App. 1998)
(op. on reh’g), cert. denied, 525 U.S. 1181 (1999); Trevino v. State,
565 S.W.2d 938, 940 (Tex. Crim. App. 1978); see also Jack v. State, 42
S.W.3d 291, 292 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (“[T]here is no
question that if appellant was abandoned by counsel during the 30[-]day period
for filing a motion for new trial, then he was denied his constitutional rights.”). 
The record in this case, however, does not show anything but that appellant was
represented by retained counsel at all critical stages of the proceedings.[4]

          Retained
trial counsel appeared at the June 14, 2010 hearing on the motion to adjudicate
guilt and thereafter sent a June 16, 2010 vacation notice to the court,
indicative of his continued representation of appellant.[5] 
The facts before the trial court indicate that it had no basis to conclude
anything other than that appellant was legally represented at all critical
stages of the proceedings.[6]  Additionally, the law presumes
as much unless evidence rebuts the presumption.  Smith, 17 S.W.3d at 663;
Oldham, 977 S.W.2d at 363; see Rogers v. State, 305 S.W.3d 164,
171 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (“The burden to produce
evidence to rebut the presumption falls on the appellant.”).  No such rebuttal
evidence is indicated here.  See Oldham, 977 S.W.2d at 355, 362–63
(holding that the presumption that the defendant’s retained counsel continued
to represent her applied even though the defendant filed a pro se notice of
appeal, the record contained a notation that the attorney on appeal was “to be
determined,” and the trial court found the defendant indigent and appointed
appellate counsel sixty-two days after the date of sentencing); see also
Smith, 17 S.W.3d at 662 (citing Oldham and holding similarly).  There
is nothing in this record to show that trial counsel did not advise appellant
of his postconviction rights or that counsel refused to take any action
requested by appellant.  And appellant’s filing of a pro se notice of appeal
indicates that he was informed of his appellate rights.[7] 
See Smith, 17 S.W.3d at 663.  Further, appellant never filed an
affidavit of his indigency to justify appointment of counsel.

          Only
after appellant’s pro se notice of appeal was received by the trial court did
it appoint new counsel to represent appellant.  On August 4, 2010, this court
sent a letter expressing our initial concern that the notice of appeal was
untimely.  That letter was copied to the trial court, which then found appellant
indigent and appointed attorney Steven Poston on appeal.  However, all of these
events occurred after the time in which to file the motion for new trial had
passed.  These events, therefore, do not affirmatively show that appellant was
without counsel during the time in which he could file a motion for new trial. 
See Smith, 17 S.W.3d at 662–63.  Nor do any of them indicate trial
court error.

IV. 
Conclusion

          We
find no error in the trial court and affirm the judgment.

 

 

CHARLES BLEIL
JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ.; and CHARLES BLEIL (Senior
Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 9, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 32.31(b)(1)(A), (d) (West 2011).





[3]Because appellant does not
challenge the sufficiency of the evidence supporting the trial court’s finding
that the State’s allegations were true, we will not detail the allegations or
the evidence presented at the revocation hearing.





[4]Appellant alleges that he
may prove that his counsel did not continue to represent him because counsel
avoided service of process and failed to return telephone calls after appellate
counsel was appointed.  These allegations are not supported by the record, and
we may not consider them.  See Jack v. State, 149 S.W.3d 119, 121 n.1
(Tex. Crim. App. 2004).





[5]The notice stated that
counsel had a vacation scheduled from June 28, 2010 until July 20, 2010.  Thus,
the notice indicates counsel’s belief that he continued to represent appellant
until at least July 20.





[6]Appellant concedes in his
motion, “Nothing appears in the record that Trial Counsel withdrew from the
case.”





[7]The trial court also
informed appellant of his right to appeal at the end of the adjudication
hearing.  Furthermore, the trial court’s certification of right to appeal
contains both defendant’s and his trial counsel’s signatures.