

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00313-CR

JOEL NWIGWE                                                        APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Joel Nwigwe complains that the trial court denied his due process rights under the Texas and United States Constitutions by appointing appellate counsel fifty-six days after final judgment granting the State's motion to adjudicate his guilt following his original sentence of five years' deferred

---

[1]*See* Tex. R. App. P. 47.4.

adjudication. We determine that the record does not establish that any such denial of rights occurred and affirm the trial court's judgment.

## II. Factual and Procedural Background

In 2007, a Denton County grand jury indicted appellant for committing credit card abuse, which is typically a state jail felony.[2] Appellant retained counsel. In March 2009, appellant received admonishments of his statutory and constitutional rights, judicially confessed, and pled guilty. The trial court deferred adjudication of appellant's guilt and placed him on five years' community supervision.

A year later, the State filed a motion asking the trial court to adjudicate appellant guilty; the motion alleged that appellant violated several conditions of his community supervision. Appellant retained different counsel for the hearing on the motion. At the hearing on June 14, 2010, appellant pled not true to the allegations in the motion. After hearing testimony from four witnesses, including appellant, the trial court found all of the allegations to be true, revoked appellant's community supervision, found him guilty, and sentenced him to twenty-four months' confinement.[3] About a month after the trial court pronounced the June 14, 2010 judgment, which was filed June 23, 2010, appellant filed a pro se notice

---

[2]*See* Tex. Penal Code Ann. § 32.31(b)(1)(A), (d) (West 2011).

[3]Because appellant does not challenge the sufficiency of the evidence supporting the trial court's finding that the State's allegations were true, we will not detail the allegations or the evidence presented at the revocation hearing.

of appeal and a motion for court-appointed appellate counsel. The trial court appointed counsel, and counsel filed another notice of appeal. Appellate counsel also filed a motion for new trial asserting that the evidence was insufficient to support appellant's guilt and that appellant was denied effective assistance of counsel because his trial counsel allegedly failed to investigate, request hearings or seek rulings on pretrial motions, and properly prepare for appellant's defense.

### III. Standard of Review and Analysis

In his sole point, appellant argues that the trial court denied him due process by waiting fifty-six days after the final judgment to appoint appellate counsel, thereby preventing him from filing a motion for new trial and pursuing a claim of ineffective assistance against trial counsel. Appellant correctly asserts that the constitutions of the United States and Texas give him the right to the effective assistance of counsel at all critical stages of a trial court's proceedings, which includes litigating a motion for new trial. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *Smith v. State*, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); *Oldham v. State*, 977 S.W.2d 354, 361 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 525 U.S. 1181 (1999); *Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978); *see also Jack v. State*, 42 S.W.3d 291, 292 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[T]here is no question that if appellant was abandoned by counsel during the 30[-]day period for filing a motion for new trial, then he was denied his constitutional rights."). The record in this case, however, does not show anything

3

but that appellant was represented by retained counsel at all critical stages of the proceedings.[4]

Retained trial counsel appeared at the June 14, 2010 hearing on the motion to adjudicate guilt and thereafter sent a June 16, 2010 vacation notice to the court, indicative of his continued representation of appellant.[5] The facts before the trial court indicate that it had no basis to conclude anything other than that appellant was legally represented at all critical stages of the proceedings.[6] Additionally, the law presumes as much unless evidence rebuts the presumption. *Smith*, 17 S.W.3d at 663; *Oldham*, 977 S.W.2d at 363; *see Rogers v. State*, 305 S.W.3d 164, 171 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("The burden to produce evidence to rebut the presumption falls on the appellant."). No such rebuttal evidence is indicated here. *See Oldham*, 977 S.W.2d at 355, 362–63 (holding that the presumption that the defendant's retained counsel continued to represent her applied even though the defendant filed a pro se notice of appeal, the record contained a notation that the attorney on appeal was "to be

---

[4]Appellant alleges that he may prove that his counsel did not continue to represent him because counsel avoided service of process and failed to return telephone calls after appellate counsel was appointed. These allegations are not supported by the record, and we may not consider them. *See Jack v. State*, 149 S.W.3d 119, 121 n.1 (Tex. Crim. App. 2004).

[5]The notice stated that counsel had a vacation scheduled from June 28, 2010 until July 20, 2010. Thus, the notice indicates counsel's belief that he continued to represent appellant until at least July 20.

[6]Appellant concedes in his motion, "Nothing appears in the record that Trial Counsel withdrew from the case."

determined," and the trial court found the defendant indigent and appointed appellate counsel sixty-two days after the date of sentencing); *see also Smith*, 17 S.W.3d at 662 (citing *Oldham* and holding similarly). There is nothing in this record to show that trial counsel did not advise appellant of his postconviction rights or that counsel refused to take any action requested by appellant. And appellant's filing of a pro se notice of appeal indicates that he was informed of his appellate rights.[7] *See Smith*, 17 S.W.3d at 663. Further, appellant never filed an affidavit of his indigency to justify appointment of counsel.

Only after appellant's pro se notice of appeal was received by the trial court did it appoint new counsel to represent appellant. On August 4, 2010, this court sent a letter expressing our initial concern that the notice of appeal was untimely. That letter was copied to the trial court, which then found appellant indigent and appointed attorney Steven Poston on appeal. However, all of these events occurred after the time in which to file the motion for new trial had passed. These events, therefore, do not affirmatively show that appellant was without counsel during the time in which he could file a motion for new trial. *See Smith*, 17 S.W.3d at 662–63. Nor do any of them indicate trial court error.

---

[7]The trial court also informed appellant of his right to appeal at the end of the adjudication hearing. Furthermore, the trial court's certification of right to appeal contains both defendant's and his trial counsel's signatures.

5

## IV.  Conclusion

We find no error in the trial court and affirm the judgment.


CHARLES BLEIL
JUSTICE

PANEL:  GARDNER and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 9, 2011