

# Fourth Court of Appeals
## San Antonio, Texas

September 20, 2016

No. 04-16-00421-CR

Santiago "Jimmy" **LOMAS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 8581-A
Honorable Enrique Fernandez, Judge Presiding

# O R D E R

This is an appeal from a trial court's order denying appellant's motion for post-conviction DNA testing pursuant to article 64.01. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2016). After the trial court denied appellant's motion, appellant timely filed a pro se notice of appeal.

The filing of the clerk's record in this court was completed on September 18, 2016, when the clerk filed a second supplemental clerk's record. There is, according to the clerk, no reporter's record in this case. Accordingly, appellant's brief is due October 18, 2016. On September 15, 2016, appellant filed a pro se letter in this court inquiring about his attempts to obtain a copy of the appellate record and the due date for his brief. The letter prompted this court to inquire as to whether appellant was represented by counsel on appeal. We have determined appellant is represented by counsel in this appeal; appellant is represented by Mr. Sostenes Mireles II.

In the trial court, Mr. Mireles represented appellant for purposes of his post-conviction motion for DNA testing. There is nothing in the record showing Mr. Mireles moved to withdraw from his representation of appellant or that the trial court permitted Mr. Mireles to withdraw. According to article 64.01(c), a convicted person is entitled to appointment of counsel when seeking DNA testing if the convicted person "informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and determines that the person is indigent." *Id.* art. 64.01(c). It appears these requirements were met, because the trial court appointed Mr. Mireles to represent appellant in the trial court.

Counsel who is appointed to represent a defendant at trial remains counsel "for all purposes," including appeal, unless counsel is "expressly permitted to withdraw, even if the appointment was for the trial only." *E.g., Rogers v. State*, 305 S.W.3d 164, 170 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1986) (en banc)); *Nguyen v. State*, 222 S.W.3d 537, 540 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2016) (stating that appointed attorney "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record[.]").

Accordingly, we **ORDER** Mr. Mireles to continue his representation of appellant with regard to this appeal in that he has not been "expressly permitted to withdraw" by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2); *Rogers*, 305 S.W.3d at 170; *Nguyen*, 222 S.W.3d at 540. We further **ORDER** Mr. Mireles to file appellant's brief in this court on or before **October 18, 2016**.

We **order** the clerk of this court to serve copies of this order on the trial court, the district clerk, all counsel — including Mr. Mireles, and appellant.

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of September, 2016.

Keith E. Hottle
Clerk of Court